UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC INC, a corporation, et al.<br><br>Plaintiffs,<br><br>v.<br><br>FOURTH QUARTER INC d/b/a SKY BAR CAFÉ, PATRICK J. GRIDER AND DANIEL GRIDER EACH INDIVIDUALLY<br><br>Defendants. | Case No. 3:07CV921-MRT |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION AND OBJECTION TO STRIKE PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT

COME NOW the Defendants, by and through their undersigned attorney of record, and object to and/or move this Honorable Court to strike Plaintiffs' Application for Entry of Default and as grounds therefore state as follows:

### INTRODUCTION

On the 5th day of December, 2007, the Plaintiffs filed an Application for Entry of Default in the above styled case. The undersigned attorney received the Application for Entry of Default on the 6th day of December, 2007. The undersigned attorney filed an Answer and a Motion to Strike the Application for Entry of Default on the 10th day of December, 2007. This Honorable Court ordered that briefs on the pending motions be submitted by the 17th day of December, 2007.

1

## STATEMENT OF FACTS

On the 12th day of October, 2007, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Alabama against Defendants. Shortly after Defendants were served, the undersigned attorney contacted the attorneys for Plaintiffs. Defendants and Plaintiffs entered into settlement negotiations.

The Plaintiffs filed a Complaint alleging 20 instances of Copyright Infringement of works owned and/or licensed by the Plaintiffs on three separate days. The Defendants were licensees of The American Society of Composers, Authors and Publishers (hereinafter referred to as "ASCAP"). Some of the works alleged in the Complaint appear to be owned and/or licensed by ASCAP. Additionally, it appears that some of the alleged infringements are within the Fair Use Doctrine due to one of the dates alleged in the Complaint. Defendants have further denied infringement in Defendants' Answer. (See Document # 45)

It was the clear understanding of the undersigned attorney, that no default or application for default would be taken in this action while the parties attempted to negotiate a settlement, and/or pending Defendants obtaining new and/or additional counsel to represent Defendants in this Copyright Infringement Action, as the undersigned and his firm do not regularly practice copyright law. The undersigned attorneys' understanding, concerning the Plaintiffs not taking and/or applying for a default, was from a phone conversation between the undersigned and one of the Plaintiff's attorney's namely; Gilbert E. Johnston.

That Defendants, by and through their attorney have contacted a copyright attorney. However, Defendants only recently learned that the attorney contacted was not

licensed in the State of Alabama. Arrangements are being made for another copyright attorney to be interviewed for possible association, etc. in this case.

Defendants and Plaintiffs, pending settlement negotiations and Defendants arranging for additional and/or substitute counsel, agreed to continue the Rule 26(f) report. The Rule 26(f) report is now due December 17, 2007.

## STANDARD OF REVIEW

A District Court's Order granting or denying a Motion for Entry of Default is reviewed for abuse of discretion. Sloss Industries Corporation v. Eurisol, 488 F.3d 922, 924  (11th Cir. 2007)

## ARGUMENT

**I.  Courts generally disfavor defaults due to the strong public policy of determining cases on their merits.**

"[T]here is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In Re: Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)  citing Florida Physician's  Insurance Company, Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1510-11 (11th Cir. 1984)); see also Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981)

This case should be determined on the merits.  This case involves the alleged infringement of copyright licenses by a small business brought by a large multinational corporation.  The Defendants have a meritorious defense and /or defenses and the Plaintiffs will not be prejudiced by this Honorable Court striking and/or denying the

Motion for Entry of Default. See <u>Gulf Coast Fans v. Midwest Elec. Importers</u>, 740 F.2d 1499, 1511 (11th Cir. 1984)

**II.  Defendants have meritorious defenses to this action; that granting this motion will not prejudice Plaintiffs, and, as set forth herein, Defendants have excusable neglect for failure to respond to the Complaint.**

**A.  Meritorious Defenses**

The discovery process has not begun. The Rule 26(f) report is due and is being filed on today's date. This report makes initial disclosures due on January 15, 2008.

It is believed that the discovery will reveal that the Defendants had a valid license through ASCAP to use and/or perform some, if not all, of the works named in the Complaint. It is further believed that discovery will reveal that some, if not all of the works named in the Complaint are covered under the Fair Use Doctrine. Finally, it is believed that any works that are not defended by actual license and/or the Fair Use Doctrine were innocently used by Defendants. (See Affidavit of Fourth Quarter, Inc. a copy of which is attached as Exhibit "A" and incorporated herein by reference)

**B.  Prejudice to the Plaintiffs**

"In <u>Pioneer</u>, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration in determining whether the district court had abused its discretion. Id. at ___, 113 S.Ct. at 1499." <u>Cheney v. Anchor Glass Container Corporation</u>, 71 F.3d 848, 850 (11th Cir. 1996) citing <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993)

4

The Plaintiffs will not be prejudiced in any way if this Honorable Court were to grant the Defendants' Motion to Strike and/or Deny the Plaintiffs' Application for an Entry of Default in this case. The Plaintiffs' alleged claims will not be diminished in any way by this case being decided on its merits.

It is in the interest of efficient judicial administration to allow this case to be decided on its merits.

C.   **EXCUSABLE NEGLECT**

The Defendants did not answer the Complaint prior to the Plaintiffs seeking default because it was the clear understanding of the undersigned attorney, that no default or application for default would be taken in this action while the parties attempted to negotiate a settlement, and/or pending Defendants obtaining new and/or additional counsel to represent Defendants in this copyright infringement action, as the undersigned and his firm do not regularly practice copyright law.

The undersigned attorneys' understanding, concerning the Plaintiffs not taking and/or applying for a default, was taken from a phone conversation between the undersigned and one of the Plaintiff's attorney's namely; Gilbert E. Johnston. (See unnumbered Document between numbers 44 and 45 and Document # 49 including exhibits A and B)

The Defendants wrote to the Plaintiffs' attorney the day after it was learned that the Plaintiffs filed for an entry of default and filed an Answer on the next business day.

Defendants rely on this brief, Defendants' Answer (see Document # 45); Defendants' Objection and Motion to Strike Application for Entry of Default (See Unnumbered Document filed and entered on December 10, 2007); Defendants' Notice of

5

Filing of Original Executed Evidentiary Submissions in Support of Defendants' Objection and Motion to Strike Plaintiffs' Application for Entry of Default (including Exhibits A and B of said Notice) (See Document # 49)

WHEREFORE, Defendants pray that this Honorable Court will strike and/or deny Plaintiffs' Application for Entry of Default in the above cause of action.

Respectfully submitted this the 17th day of December, 2007.

                          WHITTELSEY, WHITTELSEY & POOLE, P.C.

                          /s/   Davis B. Whittelsey_____
                          BY:   DAVIS B. WHITTELSEY (WHI-067)
                                  Attorney for Defendant
                                  Post Office Box 106
                                  Opelika, Alabama  36803-0106
                                  Tel.:   (334) 745-7766
                                  Fax:   (334) 745-7666

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following individuals, by hand delivering a copy or by placing it in the United State mail, postage prepaid, at their correct addresses this the 17th day of December, 2007.

Gilbert E. Johnston
Johnston, Barton, Proctor, & Rose LLP
569 Brookwood Village Suite 901
Birmingham, Alabama 35209
Tel.:   (205) 458-9400
Fax:   (205) 9500

                           /s/   Davis B. Whittelsey_____
                           DAVIS B. WHITTELSEY

STATE OF ALABAMA )
: 
LEE COUNTY )

EXHIBIT A

### AFFIDAVIT OF DANIEL J. GRIDER

COMES NOW Daniel J. Grider, and after having been duly sworn, deposeth and saith as follows:

1. My name is Daniel J. Grider and I am resident citizen of Lee County, Alabama.

2. I am vice-president of The Fourth Quarter, Inc., an Alabama corporation.

3. I give this affidavit based on my own personal knowledge and/or beliefs.

4. I, together with The Fourth Quarter, Inc. and my brother namely; Patrick Grider, are parties to that certain civil action pending in the United States District Court for the Middle District of Alabama and bearing Case Number: 3:07CV921-MRT.

5. I have reviewed the complaint filed in the above referenced action. I have also reviewed the answer that has been filed by The Fourth Quarter, Inc., Patrick Grider and myself.

6. The Fourth Quarter, Inc. currently does business as, "The Sky Bar." Further doing business as the "The Sky Bar", The Fourth, Inc. did business under various other trade names.

7. The Fourth Quarter, Inc. has previously maintained a contract with The American Society of Composers, Authors and Publishers. I have always referred to this entity as "ASCAP."

8. I have basic familiarity with the terms and conditions of The Fourth Quarter, Inc.'s contract and/or contracts with ASCAP. It is my understanding that

ASCAP maintains a copyright and/or proprietary interest in at least three of the composition named in the complaint filed against The Fourth Quarter, Inc., Patrick Grider and myself in the above described action.

9. No discovery has been conducted in the above stated action. However, it is my understanding that certain of the compositions named within the complaint, are subject to the Fair Use Doctrine, as best I understand it, as the date and/or dates recited within the complaint fall on a date of operation wherein The Sky Bar was operating a karaoke night.

10. This affidavit is given in support of Defendant's Motion and Objection to Strike Plaintiffs' Application for Entry of Default.

Further affiant saith not.

Dated this the 17th day of December, 2007.

_____
DANIEL J. GRIDER

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS THE 17th
DAY OF DECEMBER, 2007.

_____
NOTARY PUBLIC
My Commission Expires: 10/18/2010