## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,**   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | **CASE NO.:** |
| v.   ) | **3:07-cv-00921-MHT-CSC** |
| ) | |
| **FOURTH QUARTER, INC. d/b/a SKYBAR**   ) | |
| **CAFÉ, PATRICK J. GRIDER AND DANIEL**   ) | |
| **GRIDER, each individually.**   ) | |
| ) | |
| **Defendants.**   ) | |

### REPORT OF THE PARTIES' PLANNING MEETING

Plaintiffs, Broadcast Music, Inc., et al. ("Plaintiffs"), and Defendants, Fourth Quarter, Inc., et al. ("Defendants"), submit this Report of the Parties' Planning Meeting pursuant to Fed. R. Civ. P. 26(f):

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on December 17, 2007 with the following participants: Mark V. Lindsay, Plaintiffs' counsel, and Davis Whittelsey and David Dawson, Defendants' counsel.

2. **Pre-discovery Disclosures.** The parties will exchange the information required pursuant to Fed. R. Civ. P. 26(a)(1) by **January 15, 2008**.

3. **Discovery Plan.** The parties jointly propose the following discovery plan:

    a. Topics. The Plaintiffs will need to propound discovery concerning the Defendants' public performance of compositions in the Broadcast Music, Inc. repertoire. The Defendants will need to propound discovery concerning

      copyright protected materials, public performance of copyright protected materials, and evidence of copyright infringements.

b.    Electronically Stored Information. The parties agree to produce to each other relevant, non-privileged electronically stored information, to the extent such information exists, in PDF format or as hardcopies. A party may obtain information in a format other than PDF or hardcopy only by agreement between the parties. The parties agree to entry of an order regarding claims of privilege and allowing a party inadvertently disclosing privileged information to claw back such information and requiring such party to produce a privilege log pertaining to any such document.

c.    Discovery Deadline. All discovery will be commenced in time to be completed by **May 15, 2008**.

d.    Interrogatories. Maximum of **35 interrogatories**, including subparts, by each party to any other party. Responses due 30 days following service.

e.    Requests for Admission. Maximum of **35 requests for admission** by each party to any other party. Responses due 30 days following service.

f.    Depositions. Maximum of **5 depositions** by the Plaintiffs and **5** by the Defendants. Each deposition may run no longer than **7 hours**, unless the parties agree to extend the time.

g.    Experts. Reports from retained experts, if any, shall be due from the Plaintiffs by **January 31, 2007** and from the Defendants by **January 31, 2008.**

    h.    Supplementations. Supplementation of responses pursuant to Fed. R. Civ. P. 36(e) will be due within **30 days** of when the party supplementing a response discovers the need to supplement and, in any event, no later than **20 days** prior to discovery's close.

4. **Other Items.**

    a. Scheduling Conference. The parties do not request a conference with the Court prior to entry of a scheduling order.

    b. Pretrial Conference. The parties request a pretrial hearing on or about September 9, 2008.

    c. Pleadings and Parties. Plaintiffs may add additional parties or amend pleadings no later than **December 31, 2007**. Defendants may add additional parties or amend pleadings no later than **January 31, 2008**.

    d. Dipositive Motions. All potentially dispositive motions will be filed no later than **June 11, 2008**.

    e. Settlement. Settlement cannot be evaluated prior to the parties conducting some discovery and may be enhanced by the use of mediation at a later date.

    f. Witness and Exhibit Lists. Final witness and exhibit lists pursuant to Fed. R. Civ. P. 26(a)(3) will be due no later than **14 days** prior to the trial date. The parties may object pursuant to Fed. R. Civ. P. 26(a)(3) to witness and exhibit lists no later than **5 days** following service of such lists.

    g. Trial. The case should be ready to proceed to trial on **October 14, 2008** and is expected to last 1 to 2 days.

Dated: December 17, 2007

| | |
|---|---|
| /s/ Mark V. Lindsay | [unsigned] |
| Mark V. Lindsay | Davis B. Whittelsey |
| One of the Attorneys for Plaintiffs | One of the Attorneys for Defendants |
| Admitted Pro Hac Vice | |
| | |
| **JOHNSTON BARTON** | **WHITTELSEY, WHITTELSEY** |
| **PROCTOR & ROSE LLP** | **& POOLE, P.**C. |
| Colonial Brookwood Center | 600 Avenue A |
| 569 Brookwood Village, Suite 901 | Post Office 106 |
| Birmingham, AL  35209 | Opelike, Alabama 36803-0106 |
| Telephone:     (205) 458-9400 | |
| Facsimile:      (205) 458-9500 | |