IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., )<br> )<br> **Plaintiff,** )<br> )<br> v. )<br> )<br>FOURTH QUARTER, INC. d/b/a SKYBAR )<br>CAFÉ, PATRICK J. GRIDER AND DANIEL )<br>GRIDER, each individually. )<br> )<br> **Defendants.** ) | CASE NO.:<br>3:07-cv-00921-MHT |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE APPLICATION TO THE CLERK FOR ENTRY OF DEFAULT**

The Plaintiffs, Broadcast Music, Inc. et al. (collectively "BMI"), file this Brief in Opposition to Defendants' Motion and Objection to Strike Application to the Clerk for Entry of Default:

1. Defendants' Motion and Objection to Strike Plaintiffs' Application to the Clerk for Entry of Default ("Motion") is without merit and should be denied. Defendants contend that Defendants possess excusable neglect for not timely answering the Complaint. (Motion ¶ 11.) Defendants present several excuses why Defendants failed to answer, including Defendants' attempt to retain copyright counsel, Defendants' discussions with BMI, and Defendants' unsupported understanding that BMI would never seek entry of default. (Motion ¶¶ 5-7.) Defendants request that the Court deny BMI's Application to the Clerk for Entry of Default ("Application") because Defendants possess excusable neglect, meritorious defenses, and denial of the Application would not prejudice BMI. (Motion ¶ 11.)

2. Defendants' request that the Court evaluate their failure to timely answer under the "excusable neglect" standard. (Motion ¶ 11.) Defendants request that the Court apply "excusable neglect" when in fact some lower standard could conceivably apply. Courts typically apply "excusable neglect" to decide whether or not to grant relief from a default judgment, and the standard is more rigorous than "good cause" used to set aside an entry of default. *See Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 528 (11th Cir. 1990) ("The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default."). Both standards are more stringent than a lower standard that could conceivably apply in the present case because the Clerk has not yet entered a default. The Eleventh Circuit's jurisprudence, however, holds that the district courts may apply the "excusable neglect" standard when defendants do not bring a lower standard to the court's attention.

3. In *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc*., the defendant asserted that "its failure to answer the [plaintiff's] complaint was a result of excusable neglect." *Id. at* 528. The Court held that "not only did [the defendant] fail to bring the good cause standard to the attention of the court, but also [the defendant] urged the court to use the excusable neglect standard." *Id.* The Defendants urge the Court to apply "excusable neglect" and even cite the elements of the standard in the Motion. (Motion ¶ 11.)

4. "In order to set aside a default on the basis of excusable neglect, the defaulting party must first show that it had a meritorious defense that might have affected the outcome and that granting the motion would not result in prejudice to the opposing party." *Lowery v. Hoffman*, 1999 U.S. Dist. LEXIS 13521, *9 (M.D. Ala. Aug. 23, 1999) (Thompson, J.). "The party must also show

2

that good reason existed for failure to reply to the complaint." *Lowery*, 1999 U.S. Dist. LEXIS at *9. The Defendants implore the Court to apply "excusable neglect" and fail to meet the standard, and therefore the Motion should be denied.

5. The initial element of "excusable neglect" is that meritorious defenses must be presented. *Sec. and Exch. Comm'n v. Siciliano*, 2007 U.S. App. LEXIS 17592, * 5 (11th Cir. July 24, 2007). "[T]o establish a meritorious defense, the moving party must make an affirmative showing of a defense likely to be successful." *Id.* at *10. A general denial of the claims in the complaint is not a meritorious defense. *Id.* ("[A] general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient.). The Defendants filed an untimely Answer on December 10, 2007 and presented three affirmative defenses all completely without merit. Defendants assert "fair use" as a defense, but the Court previously denied Defendants' attempt to assert fair use in Defendants' Motion to Dismiss filed on November 1, 2007. The Court denied the Motion to Dismiss on November 5, 2007. Defendants' affirmative defense of "innocent use" also lacks merit because innocent intent is not a valid copyright infringement defense. *Joelsongs v. Shelley Broad. Co.*, 491 F. Supp. 2d 1080, 1084 (M. D. Ala. 2007) (Thomson, J.) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.08 (2006)) ("'In actions for statutory copyright infringement, the innocent intent of the defendant will not constitute a defense to a finding of liability.'"). Lastly, the affirmative defense of "general issue" is entirely inapplicable and completely without merit.

6. Defendants maintain that granting the Motion will not prejudice BMI. (Motion ¶ 11.) Defendants provide no explanation regarding how prejudice is not suffered by BMI incurring costs sustaining the action when Defendants continually fail to retain copyright counsel and to date no

3

new counsel of record has entered an appearance, notwithstanding Defendants' request that the Court extend the time to file the 26(f) report, which the Court granted, for that very reason. Defendants' delay in securing counsel is not an inherent delay to the litigation and is substantially increasing BMI's costs. *See Lowery*, 1999 U.S. Dist. LEXIS *9 (Thompson, J.) (observing that "prejudice is shown . . . where the plaintiffs' costs will increase to an unfair degree."). The presence of, or lack of, prejudice is one of three elements evaluated under the "excusable neglect" standard, and "a determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements — a meritorious defense, prejudice, and a good reason for not responding to the complaint — and not . . . exclusively prejudice." *Valdez v. Feltman*, 328 F.3d 1291, 1297 (11th Cir. 2003).

7.    The Defendants do not present a "good reason" for not timely answering the Complaint. The Eleventh Circuit has observed that in the context of determining whether a party possesses a "good reason," "a party has a duty to monitor the progress of his case." *Siciliano*, 2007 U.S. App. LEXIS 17592, * 6 (finding "[defendant] has not shown a good reason for failing to reply to the complaint . . . [where] he claims his attorney was negligent in allowing a default to be entered."). The Defendants maintain that settlement discussions provided the Defendants with an excuse to not monitor the deadline to file an Answer. BMI, however, provided notice to Defendants of BMI's intention to file the Application to the Clerk for Entry of Default. (Defendants' Notice of Filing Evidentiary Submissions ¶ 3.) While "[t]here is a strong policy of determining cases on the merits and [the Eleventh Circuit] therefore view defaults with disfavor. . . . there is also a strong policy in favor of finality." *Id.* at *5. "[The Eleventh Circuit] struck a balance between these two policies by requiring a defaulting party seeking relief on the basis of excusable neglect show that

"(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Id.* Defendants' Motion urges the Court to apply these principles in the instant context and fails to show any meritorious defenses and any lack of prejudice — Defendants' Motion asserts both in conclusive fashion. Likewise, Defendants' Motion fails to establish a "good reason" excusing Defendants' failure to file a timely Answer. Defendants' neglect is not the sort this Court has previously held excusable and is distinguishable from *Lowery*, for example, where the defendant did not realize it was party to the case. *Lowery*, 1999 U.S. Dist. LEXIS at *13 (finding defendant possessed a good reason for not answering the complaint where defendant "relied on assurances . . . that he was not actually a party to the case.")

WHEREFORE, BMI respectfully requests that the Court deny Defendants' Motion and Objection to Strike Plaintiffs' Application to the Clerk for Entry of Default.

Date: December 17, 2007.

> /s/ Mark V. Lindsay
> Mark V. Lindsay
> One of the Attorneys for BMI
> Admitted Pro Hac Vice

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL  35209
Telephone:    (205) 458-9400
Facsimile:      (205) 458-9500

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 17th day of December 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Davis B. Whittelsey  
Whittelsey, Whittelsey & Poole, P.C.  
600 Avenue A  
Post Office 106  
Opelike, Alabama 36803-0106  

                                          /s/ Mark V. Lindsay  
                                          Mark V. Lindsay  
                                          One of the Attorneys for Plaintiffs  
                                          Admitted Pro Hac Vice