UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC INC, ) <br> a corporation, et al. ) <br>    ) <br>   Plaintiffs, ) <br>    ) <br>    ) <br> v. ) <br>    ) <br> FOURTH QUARTER INC d/b/a ) <br> SKY BAR CAFÉ, PATRICK J. GRIDER ) <br> AND DANIEL GRIDER EACH ) <br> INDIVIDUALLY ) <br>    ) <br>   Defendants. ) | Case No. 3:07CV921-MRT |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE APPLICATION TO THE CLERK FOR ENTRY OF DEFAULT**

COME NOW the Defendants, by and through their undersigned attorney of record, and respond to the Plaintiffs' Brief in Opposition to Defendants' Motion to Strike Application to the Clerk for Entry of Default and as grounds therefore state as follows:

The Defendants adopt all previously filed pleadings and/or documents as if the same were set forth fully herein.

The Plaintiffs' state that the Defendants "request that the Court evaluate their failure to timely answer under the "excusable neglect" standard." (Motion ¶ 2) The Defendants made no such request.

The status of this case is that Plaintiffs' motion for entry of default is pending. "Rule 55(c) of the Federal Rules of Civil Procedure states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule

1

60(b), in turn, provides, in pertinent part, that relief from a "final judgment" for "mistake, inadvertence, surprise or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(1), (6). "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default." EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir.1990)." Hinson v. Webster Industries, 240 F.R.D. 687, 690 (M.D.Ala.,2007).

In the present case an entry of default has not been entered. There is not an entry of default to set aside therefore it seems the highest standard that appears to be appropriate in this case is the "good cause" standard of evaluation as stated in Hinson v. Webster Industries, 240 F.R.D. 687 (M.D.Ala.,2007).

"Although " 'good cause' is not susceptible to a precise formula," the Eleventh Circuit has set out some factors which may aid the court in its determination. [Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir.1996).]  These factors include, but are not limited to, (1) "whether the default was culpable or willful" which entails an assessment of the plausibility of the defaulting party's excuse; (2) "whether setting [the default] aside would prejudice the adversary," (3) "whether the defaulting party presents a meritorious defense," and (4) "whether the defaulting party acted promptly to correct the default." Id.; Turner Broadcasting Sys., Inc. v. Sanyo Electric, Inc., 33 B.R. 996, 1001 (N.D.Ga.1983), aff'd without op., 742 F.2d 1465 (11th Cir.1984)" Hinson v. Webster Industries, 240 F.R.D. 687, 690 (M.D.Ala.,2007) *emphasis added*

The "good cause" factors of "meritorious defense", "prejudice", "party's excuse", and promptness were each addressed in the brief filed on December 17, 2007. The Defendants' have not requested this Honorable Court evaluate the Motions under the "excusable neglect" standard. The Defendants believe that the "good cause" standard of evaluation is appropriate.

WHEREFORE, Defendants pray that this Honorable Court will strike and/or deny Plaintiffs' Application for Entry of Default in the above cause of action for good cause.

Respectfully submitted this the 18th day of December, 2007.

> WHITTELSEY, WHITTELSEY & POOLE, P.C.
>
> /s/    Davis B. Whittelsey
> BY:   DAVIS B. WHITTELSEY (WHI-067)
>       Attorney for Defendant
>       Post Office Box 106
>       Opelika, Alabama  36803-0106
>       Tel.:   (334) 745-7766
>       Fax:    (334) 745-7666

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the following individuals, by hand delivering a copy or by placing it in the United State mail, postage prepaid, at their correct addresses this the 18th day of December, 2007.

Gilbert E. Johnston
Johnston, Barton, Proctor, & Rose LLP
569 Brookwood Village Suite 901
Birmingham, Alabama 35209
Tel.:   (205) 458-9400
Fax:    (205) 9500

> /s/    Davis B. Whittelsey
> DAVIS B. WHITTELSEY